# PIERCE *v.* UNITED STATES.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE WESTERN DISTRICT OF ARKANSAS.

No. 648. Submitted November 19, 1895. — Decided January 6, 1896.

When two counts in an indictment for murder differ from each other only in stating the manner in which the murder was committed, the question whether the prosecution shall be compelled to elect under which it will proceed is a matter within the discretion of the trial court.

Certain testimony held not to prejudice the defendants, but rather tending to bear in their favor, if at all material.

Confessions are not rendered inadmissible by the fact that the parties are in custody, provided that they are not extorted by inducements or threats.

The plaintiffs in error were indicted for the murder on January 15, 1895, in the Cherokee Nation in the Indian country, of one William Vandeveer, a white man and not an Indian. There were two counts in the indictment. The first charged the murder to have been committed with a gun, and the second charged it to have been committed "with a certain blunt instrument." The jury found both defendants guilty of murder as charged in the first count, and they were accordingly both sentenced to death.

Submitted on the record, without appearance, by plaintiffs in error.

*Mr. Assistant Attorney General Whitney* for defendants in error submitted on his brief.

Mr. Justice Brown delivered the opinion of the court.

This case was submitted upon the brief of the Attorney General, and upon the material parts of the record. Defendants did not appear at the hearing.

1. The first error assigned is to the refusal of the court to compel the government to elect upon which count of the indictment it would proceed. The two counts differ from each other only in stating the manner in which the murder was committed. Testimony was introduced upon the trial tending to show that deceased had been shot in the forehead, and also hit on the head with a hammer. The question whether the prosecution should be compelled to elect was a matter purely within the discretion of the court. *Pointer* v. *United States*, 151 U. S. 396.

2. As no exceptions were taken to the charge of the court, and but one to the admission of testimony, the bill of exceptions, which was very voluminous, was not printed in full; but the charge of the court and the testimony of the defendants were printed, as well as an abstract of the testimony of a single witness, Andrew Brown, who testified that on Monday evening, January 19, he saw the two defendants with another man close to his place; that they were travelling with a mule team and a covered wagon, with a gray mare and colt following; that before daylight next morning he saw the same outfit, except there was no third man with defendants; that he went for his nearest neighbor, a Mr. West, and with him searched the place where the defendants had camped, finding blood all around; that Mr. West took up a blanket, and something like a pint of blood ran out of it; he just dropped it and said: "Brown, what kind of blood is that?" The answer to this was objected to, and the objection overruled, and an exception taken. The witness answered: "I don't know what kind of blood it is; it is blood." He says: "Maybe they have killed one of my hogs." I says: "We will see." This testimony clearly did not tend to prejudice the defendants, and if it were material at all, bore rather in their favor than against them.

3. The admission of certain statements made by the defendants while they were under arrest and handcuffed was also objected to. No exception was taken to the admission of this testimony, and the court properly held that the mere presence of officers is not an influence. Confessions are not rendered inadmissible by the fact that the parties are in custody, provided that such confessions are not extorted by inducements or threats. *Hopt* v. *Utah*, 110 U. S. 574, 583; *Sparf* v. *United States*, 156 U. S. 51, 55. The so called confessions show merely that the defendants acted in a somewhat suspicious manner when first arrested, saying, " If we killed him, you prove it; " " that is for us to know, and you to find out." And that they refused to tell their names. There was clearly no objection to this testimony.

No exception was taken to the charge, and after a careful reading of it, we see nothing of which the defendants were justly entitled to complain.

The judgment is therefore

*Affirmed.*