**LEW GUY et al. v. TILLINGHAST, Commissioner of Immigration.**

District Court, D. Massachusetts. February 23, 1928.

No. 3874.

1. Aliens ⊙═32(17)—Chinese person smuggled into United States, cannot have habeas corpus to prevent his deportation (Immigration Act 1917, § 19 [8 USCA § 155]).

Chinese person, arrested near the Canadian border and admittedly smuggled into the United States, is not entitled to a judicial hearing to determine his right to remain, in deportation proceeding under Immigration Act 1917, § 19 (8 USCA § 155), and cannot maintain a petition for habeas corpus to prevent his deportation.

2. Aliens ⊙═32(7)—Statements of smuggled aliens are admissible in proceedings for their deportation.

Statements made by aliens smuggled into United States may be received in evidence in

24 F.(2d)—52½

administrative proceedings for their deportation.

Habeas Corpus. Petition by Lew Guy and Lew Kwong Quong against Anna C. M. Tillinghast, Commissioner of Immigration, for writ of habeas corpus. Petition denied.

H. W. Sullivan, Edward P. Barry, and Edward J. Casey, all of Boston, Mass., for plaintiffs.

John W. Schenck, Asst. U. S. Atty., of Boston, Mass., for defendant.

BREWSTER, District Judge. On July 30, 1927, the above-named, with five other Chinese, were discovered near the Canadian border in an abandoned farmhouse in the town of Jay, Vt., by a deputy collector and inspector of customs, under circumstances that left no doubt that the party was smuggled into the United States. The smugglers were immediately arrested, and the five Chinese held as material witnesses. The inspector made the usual preliminary investigation, obtaining statements from both Lew Kwong Quong and Lew Guy. On August 2, 1927, deportation warrants were issued by the department of immigration, and hearings thereon were duly held, at which the attorney for the aliens was present. At this hearing, over the objection of the attorney, the preliminary statements of the two aliens were read to them and made a part of the record. Without objection, the statements made by one of the smugglers and by the other three Chinese were also incorporated in and made a part of the record. From these statements it appears beyond doubt that Lew Kwong Quong and Lew Guy were clandestinely brought into the United States from Canada on July 29, 1927. The testimony of both that they came to the farmhouse from Boston cannot be believed, when opposed by the convincing evidence to the contrary.

Not wishing to deport the aliens until after the trial of the smugglers, the immigration authorities released them on a bond for $3,000, the condition of which required their surrender to the proper authorities whenever requested.

On November 9, 1927, the second deportation warrant was issued, and the surety on the bond was called upon to surrender the aliens at Ellis Island on November 19, 1927. For some reason the aliens were not then surrendered, and the second request was made to surrender them on February 21, 1928, at Ellis Island, but later the respondent received instructions from Washington to

accept the surrender at Boston and annex the Chinamen to a party leaving New York for the West on February 21, 1928. The arrangement for the surrender at Boston was made by the attorney for the aliens with the immigration authorities in Washington. They were surrendered to the respondent, and immediately thereafter this petition for writ of habeas corpus was brought.

[1] Upon this state of facts I have entertained some doubts whether this court would be justified in interfering further than to remand the aliens to the proper authorities in the district of Vermont. But, after careful consideration of the original files of the immigration bureau, I am satisfied that the court is without jurisdiction in the premises, and I deny the petition on that ground.

The authority to deport these aliens, pursuant to section 19 of the Immigration Act of February 5, 1917, c. 29 (39 Stat. 874 and 889 [8 USCA § 155]) cannot be questioned. Ng Fung Ho v. White, 259 U. S. 276, 42 S. Ct. 492, 66 L. Ed. 938. They were not entitled to a judicial determination of their right to remain in the United States. If it should be urged that the unsupported statement of Lew Kwong Quong, that he was born in the United States, entitled him to such a judicial determination of his citizenship, the complete answer to that contention is that the alien, when arrested, was, in legal contemplation, outside of the borders of the United States, seeking entry. Tang Tun v. Edsell, 223 U. S. 673, 32 S. Ct. 359, 56 L. Ed. 606. In all events, he had entered the country surreptitiously. United States v. Wong You, 223 U. S. 67, 32 S. Ct. 195, 56 L. Ed. 354.

[2] All decisive questions involved in these proceedings are disposed of in Ng Fung Ho v. White, supra. It was intimated that the government has accepted as good law the dissenting opinion of Judge Anderson in Charley Hee v. U. S. (C. C. A.) 19 F.(2d) 335, and that therefore the use of the preliminary statement at the administrative hearing upon the deportation warrant afforded grounds for declaring the hearing unfair. With this contention I cannot agree. Judge Anderson was dealing with judicial proceedings, and not executive proceedings, and it has recently been held in this circuit that administrative officials are not bound by strict rules of evidence. Johnson v. Kock Tung (C. C. A.) 3 F.(2d) 889; Moy Said Ching v. Tillinghast (C. C. A.) 21 F.(2d) 810.

Petition for writ is denied.