## UNITED STATES ex rel. LA BUDA v. KARNUTH et al., Immigration Inspectors.

District Court, W. D. New York.
May 7, 1930.

Order affirmed 47 F.(2d) 945.

Jay T. Barnsdall, Jr., of Buffalo, N. Y., for petitioner.

Richard H. Templeton, U. S. Atty., of Buffalo, N. Y. (John K. Gerken, Asst. U. S. Atty., of Buffalo, N. Y., of counsel), for respondents.

HAZEL, District Judge.

The alien, Stanislaw La Buda, was born in Poland and is a subject of that country. On April 8, 1927, he landed at St. Johns, New Brunswick, and was thereafter employed as a laborer in various places in Canada until November 12, 1929, when he was unlawfully brought into the United States at Niagara Falls, N. Y. He was not provided with an unexpired immigration visa and did not submit himself for examination as provided by the immigration laws. He was taken into custody on January 9, 1930, on information that he had illegally entered the United States, and, upon being questioned, he voluntarily admitted that he had been smuggled into this country. Subsequently on January 16th, following the issuance of an order of arrest, he was accorded a hearing, the alien appearing by counsel; and at such hearing, under advice of counsel, he declined to answer any questions that were put to him. Thereupon his prior admissions, made in writing and signed by him in the presence of the inspector, were offered in evidence, and thereafter a warrant of deportation was issued deporting him to Poland under sections 19, 20 of the Immigration Act of February 5, 1917 (8 USCA §§ 155, 156).

I find that the hearings given the alien on January 9 and January 16, 1930, were fair and impartial. He claims that the admissions made by him were made under threat of imprisonment, but I deem such claim is not sufficiently substantiated, since the inspector denies having made any threats and asserts that the statement was voluntarily made prior to the arrest. He declined to avail himself of the opportunity, after being advised of the nature of the proceeding, to show the right to remain in the country. The cases of Ungar v. Seaman (C. C. A.) 4 F.(2d) 80, and Charley Hee v. U. S. (C. C. A.) 19 F. (2d) 335, cited by counsel for the relator, were on different facts and are inapplicable.

The statements voluntarily made by the relator prior to the issuance of the warrant were properly received in evidence. Lew Guy v. Tillinghast (D. C.) 24 F.(2d) 825; and see Ah Lin v. U. S. (C. C. A.) 20 F.(2d) 107. In the last-mentioned case the learned court ruled that statements made by a Chinese person claimed to be unlawfully in the United States, even though illegally ar-

rested without a warrant for his deportation, were nevertheless admissible if the commissioner found that he understood the interpreter and made the statements freely. Although it is claimed that the relator did not understand the interpreter, his failure to disclaim the statements at the hearing following the issuance of the warrant tends to support the affidavit of the inspector that he understood the questions put to him and voluntarily made answer thereto. The burden was upon him to prove his lawful right to remain in the United States. Instead of doing so, he declined to give any explanation of his presence other than what appears in his prior statement—a statement upon which, in view of the circumstances, the inspector had the right to rely. On the return of the writ it was also urged that the Secretary of Labor should have ordered his deportation to Canada, since he had established his residence there, and, upon the plea that Canada would receive him, a modification of the warrant in this particular was directed. But the Canadian authorities rejected him; and indeed it is questionable whether the option of the Secretary of Labor as to the place of deportation was subject to review. Lazzaro v. Weedin (C. C. A.) 4 F.(2d) 704.

The relator must be remanded to the custody of the immigration officials to carry out the order of deportation to Poland, the country from whence he came. So ordered.