**UNITED STATES v. CHIN NUN GEE.**
**No. 20431.**

District Court, W. D. Washington, N. D.
Nov. 28, 1930.

226

Anthony Savage, U. S. Atty., and Hamlet P. Dodd, Asst. U. S. Atty., both of Seattle, Wash.

Hugh C. Todd, of Seattle, Wash., for defendant.

NETERER, District Judge (after stating the facts as above).

■ The complainant's contention that summary proceeding is authorized under sections 6 and 12 of the Act of May 6, 1882 (22 Stat. 60), as amended July 5, 1884 (23 Stat. 116), section 13 of the Act of September 13, 1888 (25 Stat. 479), section 6 of the Act of May 5, 1892 (27 Stat. 25) and the Act of Nov. 3, 1893 (28 Stat. 7), cannot obtain. The age of the defendant, 27 years, would preclude summary proceedings under the act of 1893 and prior acts, as such acts refer to Chinese in the United States at the time.

Under section 13 of the Act of September 13, 1888 (25 Stat. 479), the arrest of a Chinese may be made only upon a warrant issued upon a complaint filed, and, when convicted upon a hearing, deported; and by section 3 of the Act of March 3, 1901 (8 USCA § 292), "no warrant * * * shall be issued [under the Chinese Exclusion law] excepting upon the sworn complaint of a United States district attorney * * * immigration inspector, * * * unless the issuing of such warrant of arrest shall be first approved or requested in writing by the United States district attorney. * * *"

The provisions of the act of 1901, supra, are significant, since it further limits arrest to warrants issued on sworn complaint of named officer.

The treaty proclaimed October 5, 1881, between the United States and China, indicates the motive of limitations, as teachers, students, merchants, or Chinese subjects present from curiosity, together with body and household servants, are allowed to go and come of their own free will and accord, and be accorded all the rights, privileges, immunities, and exemptions which are accorded to the citizens of the most favored nation. Article 2 Treaty October 5, 1881 (22 Stat. 827). And while Congress has granted vast powers to department officials, it has likewise fixed limitations beyond which official conduct may not go, and has endeavored to keep inviolate the covenants in the treaty stipulation. The powers conferred are capable of abuse.

The intention of the Congress is manifest by Act of March 3, 1901, which provides for arrest only on warrant procured by sworn complaint of the "immigrant inspector." And this follows the Act of September 13, 1888, section 13 of which provides that arrest may be made on warrant on sworn complaint. The Congress, no doubt, was conscious of the fact that laws affecting liberty of men must be safeguarded, since the wisdom of the ages has taught that unrestrained official conduct in respect to one race or color leaves but a short step when the liberty of the citizen may be involved, or solemn treaties treated as scraps of paper. Where procedure is provided, it should be strictly followed. Expulsion of an alien may be either by executive order or judicial decree, as the Congress may elect, and, where the power of one department is invoked, the applicable procedure must be strictly followed. The judiciary having been invoked, the arrest, upon the disclosed facts in this case, should have been by warrant on sworn complaint by authorized officer, and the commissioner, when his attention was challenged thereto, should have required a procedure in harmony with the explicit provisions of the statute.

The issuance of warrant for person in legal custody may not be necessary, especially where deportation is sought by executive order, but where, as here, judicial decree is invoked for such purpose, the provisions of the statute must be followed, and the warrant issued on sworn complaint of proper officer and served upon the defendant, unless it is expressly waived, or by voluntary appearance. Such was not done in this case, and

the filing of the recognizance by the defendant under the disclosed record did not constitute waiver or appearance.

The commissioner did not have jurisdiction of the defendant, and the proceeding must be dismissed. This does not preclude deportation proceedings properly initiated, and, in view of the argument in the memoranda filed and possible subsequent procedure, it may be said that the burden of proof is upon a Chinaman to show that he is entitled to be in the United States, but this requires the government, however, to make a prima facie case in the first instance. No evidence was presented in this case. There is no evidence in the record to show that the defendant is a Chinaman or an alien. The complaint is not evidence. A prima facie case must be made by the government in the first instance, but the burden of proof to show a right to remain is upon the defendant.

The motion to dismiss is sustained.

Complainant cites section 12, Act May 6, 1882, as amended by Act July 5, 1884 (22 Stat. 58, 23 Stat. 115, 117); Act May 5, 1892 (27 Stat. 25); Act April 29, 1902, as amended by section 5, Deficiency Act, April 27, 1904 (32 Stat. part 1, 176) (33 Stat. 394–428); Rule 24, Department of Labor Rules of Oct. 1, 1926, subd. 1, par. 1; section 23, Immigration Act 1924 (8 USCA § 221); Chin Bak Kan v. United States, 186 U. S. 193, 22 S. Ct. 891, 46 L. Ed. 1121; "Arrests without Warrants" in "Instructions to United States Commissioners," effective October 1, 1929 (sections 1546, 1547, 1548, 1549, 1550); United States v. Hom Lim (C. C. A.) 223 F. 520.

Defendant cites section 13, Act September 13, 1888 (25 Stat. 476, 477, 479); section 1, Act March 3, 1901 (31 Stat. 1093); also sections 2, 3, and 4, same act (8 USCA § 290 et seq.); In re Tam Chung (D. C.) 223 F. 801; Act February 27, 1925 (43 Stat. 1049) (section 110, title 8, USCA); rule 24, Department of Labor Rules, Oct. 1, 1926; U. S. v. Long Hop (D. C.) 55 F. 58; U. S. v. Chin Tong (C. C. A.) 192 F. 485; Fong Yue Ting v. U. S., 149 U. S. 723, 13 S. Ct. 1016, 37 L. Ed. 905; State v. Hughlett, 124 Wash. 368, 214 P. 841; State v. Gibbons, 118 Wash. 171, 203 P. 390; Charley Hee v. U. S. (C. C. A.) 19 F.(2d) 335; Id., 276 U. S. 638, 48 S. Ct. 300, 72 L. Ed. 745; U. S. ex rel. v. McCandless (D. C.) 40 F.(2d) 643; In re Lam Fuk Tak (D. C.) 217 F. 468; Lew Ling Chong v. U. S. (C. C. A.) 222 F. 195.