## UNITED STATES v. LEE HEE.

District Court, W. D. New York.
Nov. 2, 1931.

R. H. Templeton, Dist. Atty., and W. R. Chamberlin, Asst. Dist. Atty., both of Buffalo, N. Y., for the United States.

John S. McGovern, of Buffalo, N. Y., for defendant.

KNIGHT, District Judge.

This is an appeal from an order directing deportation of the above-named Lee Hee.

After apprehension and while in custody, defendant made certain statements. These were reduced to writing and purport to have been signed by defendant by his mark. These statements were received in evidence by the Commissioner, and were submitted as a part of the proofs upon this appeal. They were received in evidence, subject, however, to being stricken from the record in case in consideration of this case the court concluded that the objections were well taken. Defendant contends that such statement is not admissible against him because it was procured while he was under arrest. He also contends that the defendant was born in the United States and is not subject to deportation. It appears from the uncontradicted evidence that one Kingsbury, an immigration inspector, on January 29, 1931, found the defendant in his room at Elmira, N. Y. Kingsbury testified that he informed defendant that he (witness) was an immigration inspector; that defendant then admitted that he was born in China; and that he deserted a boat in New York some time in 1918. Witness Kingsbury further testified that he found in a suitcase a certificate which defendant identified as belonging to himself. Defendant was thereupon taken to the police station, where, through an official Chinese interpreter, the statement (Exhibit 2) is claimed to have been made to government officials by defendant and signed and sworn to by him. Defendant was detained at the police station until a warrant was issued. Defendant now denies that the certificate was issued to him. The statement purports to include the admission by the defendant that his parents never lived in this country; that he (defendant) came here about May 1, 1918, shipping at Cardiff, Wales, on a British freighter; and that he had never lived in this country prior to May 1, 1918; and admission of different places at which he had lived in this country; and that the identification certificate, Exhibit 1, belonged to him. The statement is explicit in respect to these and other matters going to show that the defendant was born in China.

Upon the appeal, defendant testified that he remembered San Francisco as his first living place, that he removed from there when he was nine years of age, and had lived at various other places in the United States. He denies the truthfulness of the statement, and, in substance, claimed that he knew nothing about what it contained. Three other witnesses, two Chinese and one American, testified in behalf of the defendant. Both the Chinese testified to personal knowledge of the birth of the defendant in California, and the other witness testified to acquaintance with the defendant in this country prior to 1918.

The identification certificate, Exhibit 1, purports to be signed by the Chinese consul at New York, and purports to give the name, age, place of birth, description of the person, and the statement that to the knowledge of such consul the person therein described is known to be a citizen of the republic of China. This certificate bears date March 28, 1923, and purports to certify that one Lee Kung was born in Wei Yung, Province

Kwangtung, China, and was of the age of thirty-one years. In the sworn statement, defendant asserts that the consul's office made a mistake in including the name "Lee Kung" and that it should have read "Lee Hee." The certificate refers to a photograph attached. Beyond peradventure of any doubt, in the opinion of this court, the photograph so attached is one of this defendant. The court arrives at this conclusion after seeing the defendant in court upon the stand, and carefully scrutinizing him to determine the question of this photograph.

In the opinion of this court, the statements made by defendant to Inspector Kingsbury prior to defendant's. arrest, as testified to before the Commissioner and before this court, on the seizure of the identification certificate to which I have referred, are sufficient to sustain the decision of the Commissioner, and the decision of this court upon this appeal, that the defendant is subject to deportation.

In view of the objections made, the question of the admissibility of the statement should be determined. It is to be borne in mind that this is a civil and not a criminal procedure. The United States has the undoubted right to exclude any alien under statutes so providing. In order to determine the rights of one's domicile here (to remain here), it is necessary that officials be clothed with authority to make reasonable examination to determine the question of this right. So by rule 24, subdivision 1, which rule has the force of statute in lack of contradiction by any statute, it is provided that immigration inspectors inspect certificates or papers found in the possession of Chinese and conduct such examination as may be necessary to identify Chinese as the holder thereof or to determine his status; and that is exactly what was done in this case.

The question here presented is by no means new. It has been passed upon by the courts in many cases. It is true there are statements in some opinions intimating that the rights of one apprehended, as was this defendant, were infringed upon, but the great weight of the authority and reason, seems to me, is that the statement was legally procured and is properly received as evidence in the proceedings to deport. Vide, U. S. v. Hung Chang (C. C. A.) 134 F. 19; Ex parte Wong Yee Toon (D. C.) .227 F. 247; Low Wah Suey v. Backus, 225 U. S. 470, 32 S. Ct. 734, 736, 56 L. Ed. 1165. The last-mentioned case is directly in point. Say the court upon the question of the examination: "This ob-jection, in substance, is that, under examination before the inspection officer, at first she had no counsel. Such an examination is within the authority of the statute." There it was claimed that the defendant was . questioned by an immigration inspector against her will and without the presence of counsel. It is a much stronger case than the one at bar on the question involved.

The case of U. S. ex rel. La Buda v. Karnuth et al. (D. C.) 47 F.(2d) 944, decided in this district and affirmed by the Circuit Court of Appeals, Second Circuit, is also directly in point and should be followed by this court. District Judge Hazel, writing the opinion, said: "The statements voluntarily made by the relator prior to the issuance of the warrant were properly received in evidence." Affirmance of this decision is found in 47 F.(2d) 945. Ex parte Vilarino (D. C.) 47 F.(2d) 912, also decided by Judge Hazel is to the same effect, and was affirmed by the Circuit Court of Appeals, Ninth Circuit. 50 F.(2d) 582.

The decision of the Commissioner is affirmed.