**JOONG SUI NOON v. UNITED STATES.**

**No. 9990.**

Circuit Court of Appeals, Eighth Circuit.

Feb. 18, 1935.

Charles A. Lich, of St. Louis, Mo., for appellant.

Herbert H. Freer, Asst. U. S. Atty., of St. Louis, Mo. (Harry C. Blanton, U. S. Atty., of Sikeston, Mo., on the brief), for the United States.

Before STONE, GARDNER, and VAN VALKENBURGH, Circuit Judges.

STONE, Circuit Judge.

This is an appeal from an order confirming an order of deportation issued by a United States commissioner.

The ground for deportation is that appellant is a Chinese laborer without the certificate required by the statute (USCA title 8, § 287). There is no dispute as to the appellant being a Chinese person born in China; as to his being a laborer and as to his having no certificate. His claim is that he is an American citizen because his father was born in San Francisco. The trial court determined, from the evidence, this issue of fact against appellant. As an additional ground for its order, the trial court found no compliance with section 6 of title 8, US CA. Taking the view that the court was correct in its decision on the above issue of fact, we find it unnecessary to examine the effect of section 6.

The issue of fact was as to whether appellant's father was born in San Francisco or in China. Appellant produced two witnesses to prove birth in San Francisco. One of these testified directly to such birth. The other testified to knowing the father when a boy of ten years old; that he was then living with his parents in San Francisco; and that his father had told witness the boy (appellant's father) was born there. At the hearing, appellant testified he did not know where his father was born. The government identified and introduced, through the testimony of an immigrant inspector, a signed statement made to him by appellant, wherein appellant stated that his father was born in China and was a citizen of China and that his mother was born in China and was never in the United States. Objection

was made to the introduction of this statement, "for the reason that this statement was taken while the defendant was in unlawful custody."

Appellant urges two matters here. One is that the evidence was insufficient to justify the deportation even if the above statement were properly admitted. It is clear to us that this contention is not well founded. The statements by the appellant that his father was born in China and was a Chinese citizen and that his mother was the same and had never been in the United States are certainly sufficient to raise a substantial conflict as to where his father was born. We should not overthrow the determination of this conflict by the trial court—particularly where, as here, the burden is on appellant to establish the fact.

■■ The other matter urged by appellant is that the statement was inadmissible. No objection made to the statement is grounded on a claim that it was made under duress of any kind, although it is argued that he was "questioned by said inspector without advising the appellant of his right to be represented by counsel, despite the request on the part of the appellant that he be permitted to have counsel present and that he did not desire to make a statement otherwise." In the above quotation, appellant seeks somewhat to broaden the objection made to this evidence. Even so, the evidence as to the circumstances surrounding the making of the statement was in direct conflict except on the one point that appellant was not advised as to any right of counsel. Appellant testifies he did not want to make any statement, but was told he must do so. The inspector testifies the statement was voluntary. Present at the trial was the interpreter who translated the questions and answers at the time the statement was taken. Neither side called him. Appellant does not deny making the statement as introduced. The decision of whether the statement was voluntary was for the trial court on the conflicting evidence, and would not be here disturbed even if within the objection made to the evidence. The matter really before us is whether a voluntary statement of a supposed alien, taken when he is in unlawful custody, is for that reason inadmissible in a deportation proceeding. Here this is a pure question of law, since it is undisputed that appellant was taken to the inspector's office without a warrant for his arrest. We do not need to approve this method of procuring statements. The question is whether it, per se, invalidates such statement as evidence.

■ The common law did not exclude evidence because illegally obtained—even in a criminal prosecution (Olmstead v. United States, 277 U. S. 438, 467, 48 S. Ct. 564, 72 L. Ed. 944, 66 A. L. R. 376) and deportation is a civil proceeding where the alien himself may be compelled to testify as to whether he is an alien. (United States ex rel. Bilokumsky v. Tod, 263 U. S. 149, 155, 44 S. Ct. 54, 68 L. Ed. 221). The overwhelming weight of authority is that the illegality of the detention does not, of itself, render a voluntary statement by an alien inadmissible in a deportation proceeding—particularly where he is afforded opportunity to explain and refute the statement at the hearing resulting in a deportation order. United States v. Lee Hee, 60 F.(2d) 924, 925 (C. C. A. 2); United States v. Karnuth, 60 F.(2d) 930, 931 (C. C. A. 2); Chan Nom Gee v. United States, 57 F.(2d) 646, 649 (C. C. A. 9); Ex parte Seisuke Fukumoto, 53 F.(2d) 618 (C. C. A. 9); Lee Choy v. United States, 49 F.(2d) 24, 26 (C. C. A. 9); United States v. Karnuth (D. C.) 47 F.(2d) 944; Id., 47 F.(2d) 945 (C. C. A. 2); Au Wee Sheung v. United States, 44 F.(2d) 681 (C. C. A. 7); Ex parte Ematsu Kishimoto, 32 F.(2d) 991 (C. C. A. 9); Ah Lin v. United States, 20 F.(2d) 107, 110 (C. C. A. 1); Ung Bak Foon v. Prentis, 227 F. 406, 409 (C. C. A. 7); Prentis v. Seu Leung, 203 F. 25 (C. C. A. 7); Guan Lee v. United States, 198 F. 596, 599 (C. C. A. 7); Bak Kun v. United States, 195 F. 53 (C. C. A. 6); United States v. Hung Chang, 134 F. 19, 25 (C. C. A. 6).

■ Appellant urges several cases are contrary. Examination of these cases reveals only two directly opposed. One is the case of Charley Hee v. United States, 19 F.(2d) 335, 336 (C. C. A. 1), but see Ah Lin v. United States, 20 F.(2d) 107, 110, by the same court. Another case [Ungar v. Seaman (C. C. A.) 4 F.(2d) 80], relied on by appellant, requires particular notice because it is in this court. In that case there was a legal detention of two aliens through an arrest under warrants. While in custody, and prior to hearing before the inspector, they were examined as to their membership in, and the purposes of, the Communist Party. Their statements were taken down and at the later hearing before the inspector were introduced, and the aliens admitted the substantial accuracy of the reported statements. The officers taking the

statements were not present at the hearing. The aliens had no counsel at the time the statements were taken. The court thought the warrant of arrest did not apprise the aliens of the charge they had to meet. It may be noted that the statements were made while the aliens were under *legal* arrest, and therefore the case is not upon the same issue as here which involves an *illegal* custody. However, this difference seems only to accentuate the Ungar Case, since, if such a statement made during legal custody is not admissible, so much more might one be if made during illegal custody. While the decision is based upon several grounds occurring at and after the hearing and the result was correct, we do not approve the view therein expressed that statements as to facts bearing on their status as citizens made voluntarily by aliens while in custody (legal or illegal) are inadmissible in proceedings (administrative or judicial) for deportation. In so far as the Ungar Case may be construed as holding such statements inadmissible, that case is overruled. Admissions against interest are a most effective character of testimony. The sole test is the voluntary character of the statement. Even the constitutional protection against self-incrimination is applicable in a criminal prosecution only to involuntary evidence. Deportation proceedings are civil, and facts confined to the matter of citizenship are civil and outside the above constitutional provision, and testimony in court concerning them may be compelled from the alien. If confessions of crime, made while the confessor is in custody for the very crime he confesses, are admissible if voluntarily made (Perovich v. United States, 205 U. S. 86, 91, 27 S. Ct. 456, 51 L. Ed. 722; Hardy v. United States, 186 U. S. 224, 229, 22 S. Ct. 889, 46 L. Ed. 1137; Wilson v. United States, 162 U. S. 613, 623, 16 S. Ct. 895, 40 L. Ed. 1090; Pierce v. United States, 160 U. S. 355, 357, 16 S. Ct. 321, 40 L. Ed. 454; Sparf v. United States, 156 U. S. 51, 55, 715, 15 S. Ct. 273, 39 L. Ed. 343; Hopt v. Utah, 110 U. S. 574, 584, 4 S. Ct. 202, 28 L. Ed. 262), why are voluntary statements against interest of an alien as to his citizenship, made while in custody, not admissible? Why should the illegal character of the custody affect the admissibility of the evidence? If such a practice is improper, its cure is for the Congress or the administrative officers and not for the courts. The courts are concerned with the fact of citizenship vel non as a matter of fact, and any pertinent evidence recognized by common-law rules of evidence

and not prohibited by constitutional or statutory statement should be received. The objection to the statement here is not well taken under the ordinary rules of evidence, and there is no written law to the contrary. The statement here was admissible.

The order of the trial court is affirmed.