**UNITED STATES of America**
v.
**Robert Ernest RIDENS, a/k/a Alexander Scott.**

**Crim. A. No. 73–305.**

United States District Court,
E. D. Pennsylvania.

Aug. 10, 1973.

Robert N. deLuca, Asst. U. S. Atty., Philadelphia, Pa., for plaintiff.

Edward Weis, Philadelphia, Pa., for defendant.

## OPINION

GORBEY, District Judge.

At a trial by jury, Robert Ernest Ridens was found guilty of interstate travel with the intent to carry on extortion,[1]

---

1. Violation of 18 U.S.C. § 1952, which reads in part:

 "(a) Whoever travels in interstate or foreign commerce or uses any facility in interstate or foreign commerce, including the mail, with intent to—

 (1) distribute the proceeds of any unlawful activity; or

 (2) commit any crime of violence to further any unlawful activity; or

 (3) otherwise promote, manage, establish, carry on, or facilitate the promotion, management, establishment, or carrying on, of any unlawful activity,

 and thereafter performs or attempts to perform any of the acts specified in subparagraphs (1), (2), and (3), shall be fined not more than $10,000 or imprisoned for not more than five years, or both."

as charged by counts I and III of the indictment; and use of a firearm to commit an offense of interstate travel in aid of racketeering,[2] as charged by counts II and IV of the indictment. Before this court is the defendant's motion for a new trial and/or in arrest of judgment.

The defendant asserts it was error to grant a motion by the Assistant United States Attorney to amend counts II and IV of the indictment. Also, the defendant alleges the court erred in not requiring the government to elect between counts I and III and counts II and IV, which he contends are multiplicious.

At the beginning of the trial, the government moved to amend counts II and IV of the indictment. Counts II and IV originally charged that the defendant illegally carried or used a firearm on September 18, 1971. The court granted an amendment, which charged that the firearm was illegally used or carried on September 18, 1972. Counsel for the defendant does not contend that the incorrect date was anything other than a clerical error. Further, defendant's counsel admitted that the defendant would not be prejudiced by any amendment.[3]

It is the defendant's contention that by amending part of the indictment, the government has deprived the defendant of his right, guaranteed by the Fifth Amendment to the United States Constitution, not to be held to answer for any serious crime unless the charges are brought by an indictment issued by a grand jury. In support of this proposition, he cites Ex Parte Bain, 121 U.S. 1, 7 S.Ct. 781, 30 L.Ed. 849 (1887), which granted a writ of habeas corpus because the trial court had permitted an amend-

ment striking an inconsequential phrase from an indictment. Since the decision of *Bain*, the Supreme Court has recognized that "Not all trial errors which violate the Constitution automatically call for reversal." Harrington v. California, 395 U.S. 250 at 251–252, 89 S.Ct. 1726 at 1727, 23 L.Ed.2d 284 (1969). In Chapman v. California, 386 U.S. 18 at 24, 87 S.Ct. 824, at 828, 17 L.Ed.2d 705 (1967), the Court stated that: "Before a federal constitutional error can be held harmless, the court must be able to declare a belief that it was harmless beyond a reasonable doubt." In this case, the alleged error is clearly harmless beyond a reasonable doubt. Neither the government nor counsel for the defendant made any mention of the discrepancy in the date until it was discovered by the court at the trial. After it was discovered, counsel for the defendant admitted that he would not be prejudiced by any amendment. Further, even if the amendment had not been allowed, the proof offered by the government would have been sufficient to support the crime charged in the indictment before amendment. In Russell v. United States, 429 F.2d 237 (5th Cir. 1970), it was held that the trial judge did not err in refusing to dismiss the indictment and admit evidence pertaining to the crime on February 19, 1966, when the indictment charged the offense occurred "on or about February 19, 1967". In addition, other courts have permitted a typographical error in a date (where time is not an element of the offense) to be corrected by amendment in the bill of particulars (United States v. Edelman, 414 F.2d 539 (2d Cir. 1969)) and by judicial amendment to the indictment itself (United States v. Stapleton, 271 F.Supp. 59 (E.D.Tenn.1967)). The defendant is

---

2. Violation of 18 U.S.C. § 924(c), which reads in part:

"(c) Whoever—
　(1) uses a firearm to commit any felony for which he may be prosecuted in a court of the United States, or
　(2) carries a firearm unlawfully during the commission of any felony for

which he may be prosecuted in a court of the United States,
shall, in addition to the punishment provided for the commission of such felony, be sentenced to a term of imprisonment for not less than one year nor more than ten years."

3. Transcript, p. 3.

therefore not entitled to relief because of the judicial amendment to the date in counts II and IV of the indictment.

 Next, the defendant contends that the indictment is multiplicious, in that counts I and III charge the same crime, and counts II and IV also charge the same crime. Specifically, the defendant contends that the gravamen of a violation of 18 U.S.C. § 1952, is the act of traveling interstate. Since the evidence in the case viewed most favorably for the government shows there was but one interstate trip, even though the intent of such trip was to extort money from two different parties, the defendant could be charged with only one violation of the act. Similarly, if there is only one violation of 18 U.S.C. § 1952, there can only be one violation of 18 U.S.C. § 924(c) for carrying a weapon while committing such an offense.

The defendant's position is essentially the same as that of the defendant in United States v. Mamber, 127 F.Supp. 925 (D.C.Mass.1955). In that case, the defendant was charged with nine counts of willfully making a false representation on a loyalty certificate for personnel of the armed forces. While the defendant had only answered one question concerning his membership in subversive organizations in the negative, each of the nine counts of false representation was based on his membership in a different organization. The court in *Mamber* recognized the multipliciousness of the counts, but denied the defendant's motion to dismiss the indictment. In so doing, they relied on Dealy v. United States, 152 U.S. 539, 14 S.Ct. 680, 38 L.Ed. 545 (1894), which recognized "That separate counts are united in one indictment, either because entirely separate and distinct offenses are intended to be charged or because the pleader, having in mind but a single offense, varies a statement in several counts as to the manner or means of its commission in order to avoid a trial and acquittal by reason of an unforeseen lack of harmony between the allegations and the proofs." The question of whether the prosecution should be compelled to elect between counts is within the discretion of the trial court. Pierce v. United States, 160 U.S. 355, 16 S.Ct. 321, 40 L.Ed. 454 (1896). In this case, the defendant failed to show how he was prejudiced by the multiplicious counts. Since the same evidence would have been admissible if the indictment contained only one count charging travel with the intent to commit multiple acts of extortion. As long as the sentence imposed is within that which might be imposed upon either of the counts upon which there is a conviction (Seymour v. United States, 77 F.2d 577 (8th Cir. 1935)) there has been no prejudice.

The defendant has failed to show that the court's failure to require the prosecution to elect between multiplicious counts has been prejudicial; nor has he cited any authority requiring dismissal of all counts of an indictment where the prosecution should have been required to elect between multiplicious counts. Therefore, we are not persuaded that the defendant has shown that he is entitled to either a new trial or arrest of judgment.