## STEINHARDT BROS. & CO. v. UNITED STATES.

(Circuit Court of Appeals, Second Circuit.   November 13, 1911.)

### No. 39.

1. INDICTMENT AND INFORMATION (§ 132*)—ELECTION BETWEEN COUNTS—FOOD AND DRUGS ACT.

  In a prosecution for violation of Food and Drugs Act June 30, 1906, c. 3915, 34 Stat. 768 (U. S. Comp. St. Supp. 1909, p. 1187), by misbranding, the government cannot be required to elect between counts, one of which describes the article as a drug, and the other as a food or drink, where the question is in controversy.

  [Ed. Note.—For other cases, see Indictment and Information, Cent. Dig. §§ 425–453; Dec. Dig. § 132.*]

2. DRUGGISTS (§ 12*)—FOOD AND DRUGS ACT—CONSTRUCTION—PROSECUTION FOR VIOLATION.

  Under Food and Drugs Act June 30, 1906, c. 3915, § 9, 34 Stat. 771 (U. S. Comp. St. Supp. 1909, p. 1193), which provides that no dealer shall be prosecuted for a violation of the act "when he can establish a guaranty signed by the wholesaler, jobber, manufacturer, * * * from whom he purchases such articles to the effect that the same is not adulterated or misbranded," such a guaranty, signed several months after a prosecution was instituted and shortly before the trial, is not a defense.

  [Ed. Note.—For other cases, see Druggists, Dec. Dig. § 12.*

  What constitutes a violation of pure food regulations, see note to Brina v. United States, 105 C. C. A. 559.]

In Error to the Circuit Court of the United States for the Southern District of New York.

Criminal prosecution by the United States against Steinhardt Bros. & Co.   From a judgment of conviction, defendants bring error.   Affirmed.

This cause comes here upon a writ of error to review a judgment convicting plaintiffs in error, a corporation, of violation of the provisions of the food and drugs act of June 30, 1906.   The offense was the shipment to a person in Massachusetts of a bottle containing a liquid, and bearing a label, which described the contents as "Damiana—Nerve Invigorator," and did not state that it contained any alcohol, although it did in fact, when analyzed, indicate the presence of alcohol in excess of 20 per cent.

Levi Cooke (Arthur L. Strasser, on the brief), for plaintiffs in error.

Henry A. Wise, U. S. Atty. (Robert Stephenson, Asst. U. S. Atty., of counsel), for the United States.

Before LACOMBE, COXE, and NOYES, Circuit Judges.

LACOMBE, Circuit Judge.   There are three counts.   The jury brought in a general verdict of guilty.   The act complained of was a single one.   The counts presented different phases of it.   The sentence was for a single offense.   Therefore, if we find that conviction was properly had on any one count, the third, for instance, the sentence was proper, and the judgment should be affirmed.

We do not understand that it is contended that the third count is in any way defective, either in form or substance. It charges the shipment of a certain food or drink contained in a bottle, the label of which bore a statement or design, regarding the ingredients or substances contained therein, which was false and misleading, in that said label contained the words "Damiana Royal Brand Celebrated Nerve Invigorator," which said words were false and misleading, in that damiana was not one of the ingredients contained in said bottle.

[1] Error is assigned to the refusal of the court to require the prosecution to elect between the second and third counts; the second count charged misbranding of the article shipped, alleging it to be a "drug." Upon the proof the bottle manifestly contained a "food or drink," unless its contents were shown to be a "drug," as that word is defined in the act. There was conflicting evidence as to whether or not it came within that definition, and that question was left to the jury. There was no error in denying the motion to require an election. Misbranding the bottle which contained the liquid was an offense against the act, whether such liquid was a drink or a drug. Election under such circumstances might have defeated the ends of justice.

This misbranding charged under the third count consisted in labeling the bottle "Damiana—Invigorator," when damiana was not one of the ingredients contained in the bottle. It is contended that there was a failure of proof by the government of the alleged absence of damiana. The government chemist who analyzed the contents testified that he could not find any trace of damiana in the compound. A man who said he was the person who compounded the liquid testified that it contained a small amount of damiana leaves. The court left it to the jury to say whether in fact there was sufficient damiana in the preparation, so that the label on it, "Damiana," was a proper label, or whether it was not, and whether the label was misleading, under the meaning of the act. This part of the charge was not excepted to; but at defendant's request the court supplemented it with the further instruction that:

"The testimony of the experts is not binding upon the jury; that they may disregard such testimony if they choose, and find such conclusion of fact if (as?) they choose."

Under these circumstances the verdict is conclusive as to the absence of damiana.

[2] The statute contains a section which reads as follows:

"Sec. 9. That no dealer shall be prosecuted under the provisions of this act when he can establish a guaranty signed by the wholesaler, jobber, manufacturer, or other party residing in the United States, from whom he purchases such articles, to the effect that the same is not adulterated or misbranded within the meaning of this act, designating it. Said guaranty, to afford protection, shall contain the name and address of the party or parties making the sale of such articles to such dealer, and in such case said party or parties shall be amenable to the prosecutions, fines or other penalties which would attach, in due course, to the dealer under the provisions of this act."

Four days before the trial, more than 18 months after prosecution was initiated, defendant obtained the signature of such a guaranty by another corporation, known as Deimel Bros. & Co., doing a similar

business in the same building as defendant. There was some testimony as to business relations between the two corporations, and as to the one holding a controlling interest in the other. The trial judge refused to admit the guaranty in evidence on the express ground that it was dated June 6, 1910; whereas the information was filed November 24, 1909. Such refusal is assigned as error. In our opinion his ruling was correct. If Congress had intended that a dealer could avoid conviction by obtaining a guaranty from the manufacturer after his prosecution had begun, it would presumably have evidenced that intention by providing "no dealer shall be *convicted*," instead of providing that "no dealer shall be *prosecuted*." So, too, the section provides that he is to have the guaranty signed by the person "from whom he purchases the articles," language which seems to imply that guaranty and purchase are related transactions. Moreover, the guaranty is to be of such a sort and so given that the guarantor can be himself convicted of the offense. He surely could be if his guaranty had been signed before the shipment of a misbranded article; the shipment being the offense. It would seem that he could not be convicted of the offense of shipment when he did not sign the guaranty until long after the offense had been committed. We think the statute should be construed according to its natural interpretation.

The judgment is affirmed.