### SISSON et al. v. UNITED STATES.

(Court of Appeals of District of Columbia. Submitted December 4, 1923. Decided February 5, 1924.)

No. 4009.

1. **Indictment and Information** ⬅➡132(4)—Government not required to elect on which of two counts for assault and battery it will rely.

Where the first count in an indictment for assault and battery described the weapon as a piece of metal pipe and the second as a hard, blunt instrument, *held*, that the government will not be required to elect on which of the two counts it will rely.

2. **Criminal law** ⬅➡1169(2)—Evidence that defendant had been pointed out to witness prior to assault held admissible.

Where prosecuting witness, in a prosecution for assault and battery, positively identified one of the defendants as one of his assailants, admission of his testimony that such defendant had been pointed out to him a few days prior to the assault *held* not prejudicial error.

3. **Assault and battery** ⬅➡84—That defendant was picketing during strike held admissible on question of motive.

Where prosecuting witness in a prosecution for assault and battery had continued to work while union men were conducting a strike, it was proper to permit the government to show that one of the defendants was picketing prior to the assault as bearing on motive.

4. **Assault and battery** ⬅➡83—Whether defendant advised union men attempting to break strike not to use violence inadmissible.

In a prosecution for assault and battery on one working during a strike, a question whether one of the defendants advised the members of a union which was on strike to use no violence towards the men who were attempting to break the strike *held* properly excluded.

5. **Criminal law** ⬅➡1120(3)—Appellant not prejudiced where excluded answer not shown.

Where it does not appear what witness' answer would have been, the Court of Appeals cannot say that appellants were prejudiced by a refusal to permit witness to answer a question.

6. **Criminal law** ⬅➡1134(3)—Review of prayers denied unnecessary, where charge fully stated the law.

Where the charge of the court fully and fairly stated the law applicable to the case, it is not necessary to review the prayers denied, especially where counsel has pointed out no error in this connection.

Appeal from the Supreme Court of the District of Columbia.

Robert W. Sisson and others were convicted of assault and battery, and they appeal. Affirmed.

J. A. O'Shea, John I. Sacks, W. William Millan, and R. E. L. Smith, all of Washington, D. C., for appellants.

Peyton Gordon and J. H. Bilbrey, both of Washington, D. C., for the United States.

---

⬅➡For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Before ROBB and VAN ORSDEL, Associate Justices, and BARBER, Judge of the United States Court of Customs Appeals.

ROBB, Associate Justice. Appellants, defendants below, were convicted under an indictment in two counts, charging them with making an assault on the 20th of September, 1922, upon James R. Keeton, with a dangerous weapon; the first count describing the weapon as a piece of metal pipe, and the second count as a hard, blunt instrument.

[1] The first assignment of error is based upon the denial by the court of defendants' motion, at the commencement of the trial, that the government be required to elect upon which of the two counts it would rely. In Fulton v. U. S., 45 App. D. C. 27, 41, we ruled that the prosecution seldom, if ever, is required to elect upon which of several counts, charging the same offense, but in various ways, it will stand. Since there are no special circumstances to take the case at bar out of the general rule, the decision in the case cited is controlling here.

[2] The witness Keeton was permitted to state that the defendant Sullivan had been pointed out to him a few days prior to the assault, and this is assigned as error. Inasmuch as the witness positively identified Sullivan as one of his assailants, it is difficult to perceive wherein the defendants were prejudiced by the challenged testimony.

[3] It is next contended that it was error to permit the government to show that the defendant Sullivan was picketing around Union Station prior to the assault. Keeton had continued to work while union men were conducting a strike, and, as stated by counsel for defendants, there was a conflict "between unionism and nonunionism." This testimony, therefore, had a direct bearing on the question of motive, and clearly was proper.

[4, 5] During the testimony of defendant Dean he was asked, "if, while the strike was on, he advised and counseled the members of his union to use no violence towards men who were attempting to break the strike." The court's action in sustaining the government's objection to this question is next assigned as error. In the first place, it does not appear what the answer of the witness would have been; hence we may not say that in any event the defendants were prejudiced. But, aside from that consideration, the testimony was inadmissible. The question before the jury was not as to what the defendant had advised prior to September 20, 1922, but whether he had participated in the assault upon that occasion.

[6] As the charge of the court fully and fairly stated the law applicable to the case, we do not deem it necessary to consider the prayers denied, especially since counsel have pointed out no error in this connection.

There are no other assignments of error that require notice, and we therefore affirm the judgment.

Affirmed.