UNITED STATES of America

v.

Philip MAMBER.

Cr. No. 54–270.

United States District Court,
D. Massachusetts.

Jan. 13, 1955.

Anthony Julian, U. S. Atty., James P. Lynch, Jr., Asst. U. S. Atty., Boston, Mass., for plaintiff.

Frederick Cohen, Boston, Mass., for defendant.

WYZANSKI, District Judge.

Defendant moves to dismiss the indictment on grounds which may fairly be re-stated as follows: (1) the nine counts are multiplicitous; (2) the indictment does not charge any offense under 18 U.S.C. § 1001 or any other section of the criminal code inasmuch as Congress has provided that the conduct described in the indictment shall be punishable solely by court-martial; (3) the indictment is so lacking in certainty as to deny due process of law under the Fifth Amendment to the Constitution; and (4) the indictment is defective because nowhere is defendant charged with a fraudulent or other improper motive.

Each of the 9 counts of the indictment returned by the grand jury begins with allegations that defendant "did in a matter within the jurisdiction of the Department of the Navy * * * a department of the United States willfully and knowingly make a false * * * representation * * * in that on * * * the 11th day of September 1951 * * * [he] did execute and present to the Department of the Navy through the United States Marine Corps, a component thereof, a Loyalty Certificate for Personnel of the Armed Forces, being Form DD–98, which form was * * * part of the application for enlistment with the said Marine Corps." Thereafter the 9 counts go separate ways. The first count alleges that when on this form he gave the answer "None" he falsely represented that he had not been a member of the Communist Party, USA, an organization listed on Form DD 98 a, attached to said Form DD–98. The second count alleges that when on Form DD–98 he gave the answer "None" he falsely represented that he had not been a member of the Labor Youth League, another organization listed on attached Form DD 98a. The third count alleges that when on Form DD–98 he gave the answer "None" he falsely represented that he had not been a member of the American Youth for Democracy, another organization listed on attached Form DD 98a. The fourth count alleges that when on Form DD–98 he gave the answer "None" he falsely represented he had never attended any formal or informal meetings or gatherings of the Communist Party, USA. The fifth and sixth counts parallel the fourth except that the organizations referred to are respectively the Labor Youth League and American Youth for Democracy. The seventh count alleges that when on Form DD–98 defendant gave the answer "None" he falsely represented that he had never attended activities sponsored by the Communist Party, USA. The eighth and ninth counts parallel the seventh except that the organizations referred to are respectively the Labor Youth League and American Youth for Democracy.

The government concedes that in each of the nine counts the grand jury's allegations are based, and the prosecution's proof at the trial will be based, upon defendant's asserted act of writing just once on page 2 of Form DD–98 the word "None". The government claims that defendant wrote this word a single time in a table which appears below a printed recital to this effect:

"I have entered in the table below the name(s) of the organization(s) shown on the attached list with which I am or have been associated in any of the following respects. (a) I am or have been a member * * * (c) I have attended or been present at formal or informal meetings or gatherings. (d) I have attended, been present at, or engaged in, organizational or social activities or activities which they sponsored".

Defendant's initial contention is that he is entitled to have the indictment dismissed because the nine counts are multiplicitous. No reasonable person can deny that the counts are multiplicitous—indeed the government concedes that all nine are laid under one statute and refer to a single false utterance of one word. Yet this concession does not lead to a conclusion that defendant is entitled to the remedy he seeks. There is, so far as this Court knows, no authority for dismissing all the counts merely because they repeat each other. Nor is there any reason for so drastic a remedy. The real issue is whether this Court should require the prosecution to elect among these counts one or more on which defendant shall be tried.

[redacted] It is well recognized that a trial court has discretion whether to require the prosecution to elect among multiplicitous counts when the court finds that the multiplicity is prejudicial to the defendant or the orderly and fair trial of the case. Pointer v. United States, 151 U.S. 396, 402–403, 14 S.Ct. 410, 38 L.Ed. 208; Pierce v. United States, 160 U.S. 355, 16 S.Ct. 321, 40 L.Ed. 454; Guy v. United States, 71 App.D.C. 89, 107 F.2d 288, 291; Seymour v. United States, 8 Cir., 77 F.2d 577, 581, 99 A.L.R. 880. But the cases show that this power is sparingly exercised. Dealy v. United States, 152 U.S. 539, 14 S.Ct. 680, 38 L.Ed. 545; United States v. Bent, 8 Cir., 175 F.2d 397, 400; Sisson v. United States, 54 App.D.C. 189, 295 F. 1010, 1011; Steinhardt Bros. & Co. v. United States, 2 Cir., 191 F. 798; and United States v. General Electric Co., D.C.S.D.N.Y., 40 F.Supp. 627, 632. As Mr. Justice Brewer wrote in Dealy v. United States, 152 U.S. 539, 542, 14 S.Ct. 680, 681, 38 L.Ed. 545 "it is familiar law that separate counts are united in one indictment, either because entirely separate and distinct offenses are intended to be charged, or because the pleader, having in mind but a single offense, varies the statement in the several counts as to the manner or means of its commission in order to avoid at the trial an acquittal by reason of any unforeseen lack of harmony between the allegations and the proofs". Following this principle, in the Steinhardt case where the offense was shipping a misbranded article, the pleader was allowed in one count to call that article a drug and in another count a drink, although there was only one statutory section referring to drugs and drinks, and there was only one article shipped. And in the Sisson case where there was only one assault with one weapon, one count described the weapon as a piece of metal pipe, and the other as a blunt instrument.

[redacted] In this case there are some factors supporting an exercise of the Court's discretionary power to compel an election. First, there has been a flagrant disregard of the mandate of Rule 7(c) of the Federal Rules of Criminal Procedure, 18 U.S.C., that "the indictment * * * shall be a * * * concise * * statement of the essential facts constituting the offense charged". Here the pleader could have recited in one count the gist of the offense. Such a count would have included the complex question put to defendant and his simple answer. In the discretion of the prosecutor, the count might have included a particularization of the respects in which the answer was false. Second, although, of course, multiplicitousness never places a defendant in jeopardy of multiple sentences, the prolix pleading may have some psychological effect upon a jury by suggesting to it that defendant has committed not one but several crimes.

Important as are these considerations, others outweigh them in the case at bar. First, the multiplicitousness offers defendant certain advantages. He gets the equivalent of a bill of particulars pointing out in what respects his answer was false. And the jury is visibly reminded by the presence of nine counts that defendant cannot be convicted merely because they unanimously believe he made a wilful misrepresentation. To convict him, the jury must unanimously agree that when he answered "none", defendant knew he had engaged in the particular conduct spelled out in one of the

**928**

counts. For example, he cannot be convicted if eleven jurors find he was a member of the Communist Party, USA, and the other one finds he was a member of the Labor Youth League. To be sure, this would be the rule of law applicable if the indictment contained only one count. But, to the advantage of defendant, the crucial importance of this rule is driven home by the structure and text of the nine count indictment. Second, if this Court were now to require the government to elect one, two, or three counts, the government would have to abandon permanently the opportunity of prosecuting defendant on the evidence supporting the other counts. The government cannot at this late date go back to the grand jury and ask for an all-inclusive indictment in one count, because by this time the bar of the statute of limitations has fallen. These two considerations taken together make it in the interest of justice to leave standing the admittedly multiplicitous counts. Cf. Steinhardt Bros. & Co. v. United States, supra. However, it is to be hoped that no pleader hereafter will use this indictment as a model.

■ Defendant's next point is that the indictment is defective because 18 U.S.C. § 1001 has been partially repealed by the enactment of 50 U.S.C.A. §§ 677, 701. However, § 677 in providing for court-martial proceedings where there has been fraudulent enlistment and § 701 in providing for court-martial proceedings in connection with false official statements merely give in particular military situations additional procedural and substantive authority for dealing with misrepresentations. There is neither in the history nor in the policy of these sections any warrant for concluding that the criminal jurisdiction, the criminal substantive law, or the criminal procedure contemplated by 18 U.S.C. § 1001 is in any way affected. The governing principles showing that there has been no implied repeal or modification of 18 U.S.C. § 1001 by 50 U.S.C.A. §§ 677 and 701 are so fully stated in United States v. Gilliland, 312 U.S. 86, 61 S.Ct. 518,

85 L.Ed. 598 as to make it unnecessary for this Court to elaborate this point.

■ Defendant's next contention is that the language of the indictment is so uncertain and vague that it does not constitute due process under the Fifth Amendment. Presumably what defendant means is that he cannot be convicted for giving the answer "none" to a question which was so vague that it could not be understood. In short, the argument is that there was no clear meaning to parts of the inquiry put to him such as those which asked whether he had attended informal gatherings of the Labor Youth League and whether he had attended activities which American Youth for Democracy sponsored. In this Court's view the questions in the inquiry were capable of being understood by some people. This is not to say that defendant did in fact understand these parts of the inquiry. At the trial, the government will have to prove, *inter alia*, that there were such informal gatherings or such sponsored activities, that defendant knew they were such, that defendant attended them, and that at the time when he filled in DD–98 he knowingly and wilfully misrepresented his recollection. In short, there may turn out to be a lack of clarity in the proof, but there is none in the indictment itself. Nor is there any such lack of clarity in the questions recited in the indictment itself as to warrant a court in concluding in advance of trial that no one could or did understand them.

■■ Defendant's remaining contention is that each count of the present indictment is fatally defective since it omits to allege that defendant had a fraudulent or other improper motive. As has already been stated, each count does assert that on each count defendant knowingly and wilfully made a false representation. Neither the statute nor any principle of the common or criminal law requires the grand jury to charge, or the prosecution to prove, in connection with an asserted violation of 18 U.S.C. § 1001, that the defendant had an evil intent or other fraudulent purpose. Under this statute, the government need prove only

that the defendant acted knowingly and wilfully, regardless of how laudatory may have been his motive. Walker v. United States, 10 Cir., 192 F.2d 47, 49; Cf. Browder v. United States, 312 U.S. 335, 340–341, 61 S.Ct. 599, 85 L.Ed. 862.

Motion to dismiss the indictment denied.