**UNITED STATES of America**

**v.**

**Romualdo UCCIFERRI, aka "Maldy", Michael Keilyk, aka "Mikey", Albert Mascuilli, Jr., aka "Sonny", Emil Kominsky, John Werner, Thomas Harbora, aka "Talaggi", Vincent Slivinski, aka "Tony".**

**Crim. No. 21650.**

United States District Court
E. D. Pennsylvania.
June 3, 1964.

Drew J. T. O'Keefe, U. S. Atty., by Henry S. Ruth, Jr., Sp. Atty., Dept of Justice, for plaintiff.

Blank, Rudenko, Klaus & Rome, by Marvin Comisky, Philadelphia, for Emil Kominsky.

WOOD, District Judge.

Defendant, Emil Kominsky, seeks to sever the offenses against him from the charges against the remaining six defendants. The indictment alleges in six of twenty-two counts that Kominsky participated in two conspiracies to evade the ten per cent Federal Excise Tax on gambling and to wilfully fail to pay the special occupational gambling tax and register with the District Director of Internal Revenue. A third conspiracy to travel in interstate commerce for the purpose of conducting an illegal gambling enterprise does not involve Kominsky.

The defendant claims he will be prejudiced because in a joint trial the main em-

phasis will be placed upon the commission of the overt acts allegedly committed by the other defendants rather than on Kominsky's participation in the alleged conspiracies. In such a trial he feels the jury might automatically find him guilty as a co-defendant without proper consideration of his participation or simply be unable to follow the direction of the trial judge as to what evidence may properly be considered against Kominsky alone.

■■■ Criminal Rule 14 allows a severance whenever a joinder of offenses or defendants results in prejudice to a defendant or the Government. The defendant's reluctance to be tried with the remaining six defendants while understandable hardly rises to the level of prejudice to warrant a severance in this case. This indictment concerns a wagering enterprise which recently flourished in Philadelphia and which was allegedly operated by five of the defendants including Kominsky. The defendant Kominsky's participation in this enterprise is interwoven with the actions of the other defendants and appears to justify his joinder at this time. It is presumed that the trial judge will take proper care to carefully instruct the jury as to Kominsky's alleged participation in the conspiracies as set forth in the indictment. Defendant has shown no prejudice sufficient to grant the severance at this time.

ORDER

.And now, this 3rd day of June, 1964, the defendant Kominsky's motion for a severance is denied without prejudice to his right to renew the motion before the trial judge.