## UNITED STATES of America

### v.

## Matteo DE LORENZO et al., Defendants.

## No. 75 CR 410.

United States District Court,
E. D. New York.

July 2, 1976.

David G. Trager, U. S. Atty., E. D. N. Y., by Victor J. Rocco, Asst. U. S. Atty., Brooklyn, N. Y., for plaintiff.

David M. Markowitz, New York City, for defendant De Lorenzo.

Jay Goldberg, New York City, for defendant Esposito.

Amedeo L. Lauritano, Jacob Kossman, New York City, for defendant Pappadio.

## MEMORANDUM AND ORDER

NEAHER, District Judge.

This twenty-two count indictment charges three defendants, Michael Pappadio, Matteo De Lorenzo and Alphonse Esposito, with two separate conspiracies to defraud the United States by filing false individual and corporate income tax returns in the years 1966–1975. The indictment charges that Pappadio, an officer and stockholder of M.B.H. Sales, Inc. (MBH) and Bideo Management Corporation (Bideo), filed tax returns for both corporations for the years in question deducting as a business expense "salaries" paid De Lorenzo and Esposito as corporate employees when in fact they performed no services for either corporation.

De Lorenzo is charged with having participated in the conspiracy with Pappadio from January 1966 until January 1973 (Count One); Esposito is charged with participation in the conspiracy with Pappadio from January 1970 until April 1975 (Count Two). Count Three charges Pappadio, as principal, and De Lorenzo, as an aider and abettor, with the substantive crime of filing a false tax return for MBH for the fiscal year 1969. Count Four, the only count in which all three defendants are named, charges Pappadio as principal and both De Lorenzo and Esposito as aiders and abettors, with filing a false tax return for Bideo for fiscal year 1970. Counts Five through Thirteen charge Pappadio as principal and both De Lorenzo and Esposito as aiders and abettors with filing false quarterly corporate returns as follows:

| Count | Quarter | Corporation | Aider and Abettor |
|---|---|---|---|
| 5 | 1st Qtr 1969 | MBH | De Lorenzo |
| 6 | 2nd " " | " | De Lorenzo |
| 7 | 1st " 1970 | Bideo | De Lorenzo |
| 8 | 3rd " " | " | Esposito |
| 9 | 4th " " | " | Esposito |
| 10 | 1st " 1971 | " | De Lorenzo |
| 11 | " " " | " | Esposito |
| 12 | 2nd " 1971 | " | De Lorenzo |
| 13 | " " " | " | Esposito |

Counts Sixteen through Nineteen charge De Lorenzo as principal and Pappadio as an aider and abettor with filing false individual income tax returns for the years 1968–1971. Counts Twenty and Twenty-one charge Esposito as principal and Pappadio as an aider and abettor with filing false individual tax returns in 1970 and 1971.

Both Esposito and De Lorenzo now move under Rule 8(b) and 14, F.R.Crim.P., for a severance of those counts in which only one of them is charged and for a separate trial on those counts. Pappadio moves to dismiss the entire indictment or in the alternative to dismiss Counts Five, Fourteen and Fifteen.[1]

### Discussion

The theory of the prosecution is that Pappadio, a 50% stockholder in both MBH and Bideo, caused those corporations to avoid income tax rightfully due by listing on its books and records and deducting on its tax returns monies paid to De Lorenzo and Esposito, purportedly as salaries. There is apparently no question that the monies were actually paid by MBH and Bideo and that De Lorenzo and Esposito did report amounts received as income from salaries on their individual tax returns.

The government contends, however, that "neither De Lorenzo nor Esposito actually performed any legitimate services for MBH or Bideo and were, therefore, not entitled to

any such compensation." As explained by the government, the intended results of this scheme were twofold: (1) to permit Pappadio to reduce MBH and Bideo's taxable income, and (2) to provide De Lorenzo and Esposito with a seemingly legitimate source of income. According to the government, De Lorenzo and Esposito aided and abetted Pappadio by filing false individual tax returns which tended to corroborate the salary deductions taken by MBH and Bideo. Pappadio, in turn, aided and abetted De Lorenzo and Esposito by supplying them with W–2 forms reflecting monies paid them, which they attached to their individual returns.

### Severance

#### Rule 8(b)

■ Defendants De Lorenzo and Esposito contend that their joinder in one indictment was improper under Rule 8(b)[2] and that consequently they are entitled to a severance as a matter of law. They argue that since there is no overall conspiracy count, all three defendants cannot be said to have been charged with participation "in the same act or transactions or in the same series of acts or transactions constituting an offense or offenses." Rule 8(b).

Two or more conspiracies may, however, be properly joined under Rule 8, if they are sufficiently related. *United States v. Borelli*, 336 F.2d 376, 387 (2 Cir. 1964); *United States v. Varelli*, 407 F.2d 735, 747 (7 Cir. 1969), *cert. denied*, 405 U.S. 1040, 92 S.Ct. 1311, 31 L.Ed.2d 581 (1972). Here, although there is no contention that De Lorenzo and Esposito agreed *inter sese* to participate with Pappadio to promote both his and their interests, hence the need to allege two separate conspiracies, their individual asso-

---

1. The government has consented to the severance of Counts Fourteen, Fifteen and Twenty-two. Pappadio's motion to dismiss Counts Fourteen and Fifteen for failure to state an offense is denied. *Cf. United States v. George F. Fish, Inc.*, 154 F.2d 798, 801 (2 Cir.), *cert. denied*, 328 U.S. 869, 66 S.Ct. 1377, 90 L.Ed. 1639 (1946).

2. Rule 8(b) provides:

"(b) Joinder of Defendants. Two or more defendants may be charged in the same indictment or information if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses. Such defendants may be charged in one or more counts together or separately and all of the defendants need not be charged in each count."

ciation with Pappadio's solitary on-going scheme, as charged, constitutes a sufficient nexus to warrant joinder under Rule 8. *Cf. United States v. Crockett*, 514 F.2d 64, 70 (5 Cir. 1975).

The entire scheme centered on Pappadio and the two corporations he controlled, Bideo and MBH. Both Esposito and De Lorenzo are charged separately with substantive counts relating to several of Bideo's 1970 and 1971 quarterly tax returns (Counts Seven–Thirteen) and they are jointly charged with respect to Bideo's 1970 annual tax return (Count Four). Thus, there is a closely-linked factual nucleus, *i. e.*, Bideo's 1970 and 1971 tax returns, around which the balance of the charges rotate. The conspiracies are not in any real sense distinct or independent but are part of a common scheme or plan. *United States v. Scott*, 413 F.2d 932, 935 (7 Cir. 1969). Stated otherwise, this is not an attempt by the government to try together "numerous defendants who are only loosely connected in a criminal enterprise." *United States v. Miley*, 513 F.2d 1191, 1195 (2 Cir. 1975).

Accordingly, the court concludes that the two conspiracies are sufficiently related to warrant joinder in one indictment.[3] See *United States v. Thomas Apothecary, Inc.*, 266 F.Supp. 890, 892 (S.D.N.Y.1967).

### Rule 14

■ Given proper joinder under Rule 8, the next question is whether the court should exercise its discretion under Rule 14[4] and grant defendants a severance. Both moving defendants contend that they will be prejudiced by the introduction of evidence against the other concerning time periods when they were non-participants in

any conspiracy. Esposito's contention is somewhat stronger than De Lorenzo's since the latter's involvement with Pappadio is alleged to go back as far as 1967, whereas his involvement did not commence until 1970.

Nonetheless, the court believes that the issues raised are sufficiently simple that, with the aid of appropriate limiting instructions, no "spill-over" will occur. While there remain 19 counts to be tried, see note 1, *supra*, the government's proof is likely to be largely documentary, *i. e.*, tax returns and W–2 forms,[5] and the principal live testimony will probably relate to the government's contention that De Lorenzo and Esposito performed no substantial services for MBH or Bideo. Under these circumstances, it is unlikely that the jury will have difficulty following the proof as it relates independently to each defendant.

On the other hand, the interests of judicial economy would be ill-served by requiring the government to introduce the same proof, *i. e.*, that relating to Pappadio, MBH and Bideo, at two separate trials.

Finally, the court is mindful of its continuing obligation "at all stages of the trial to grant a severance if prejudice does appear." *Schaffer v. United States*, 362 U.S. 511, 516, 80 S.Ct. 945, 948, 4 L.Ed.2d 921 (1960).

Accordingly, defendants' severance motions are denied at this time.

### Multiplicity

■ Citing Rule 7(c), F.R.Crim.P., Esposito moves to dismiss certain counts of the indictment as multiplicitous. The thrust of his motion is that since the government contends that he received a "salary" but

---

3. Moreover, even if a severance were granted the government would still be able to introduce similar act evidence against Pappadio, under a limiting instruction at either De Lorenzo's or Esposito's separate trial with Pappidio.

4. Rule 14 provides in pertinent part:

"If it appears that a defendant or the government is prejudiced by a joinder of offenses or of defendants in an indictment or information or by such joinder for trial together, the court may order an election or separate trials of counts, grant a severance of defendants or provide whatever other relief justice requires."

5. Counsel for Esposito conceded as much in his affidavit submitted in support of a discovery motion:

"This is essentially a documents case charging tax violations and a conspiracy to defraud."

Affidavit of Jay Goldberg, dated September 18, 1975 at 1.

performed no services for Bideo as part of an overall scheme to defraud the government, there is no need to charge him with a separate substantive offense each time a required tax form was filed (Counts Eight, Nine, Eleven and Thirteen); rather, the separate filings should be listed as overt acts of the overall conspiracy.

Initially, it seems clear that the government may properly charge a defendant both with conspiracy and individual substantive offenses constituting independent crimes. Here, each filing of an allegedly false return is a separate act constituting a separate substantive offense and properly chargeable as such. Thus, the indictment here is not multiplicitous, as was the indictment in *United States v. Mamber*, 127 F.Supp. 925 (D.Mass.1955), cited by Esposito, where the indictment contained nine separate substantive counts, all stemming from one allegedly false answer given by the defendant on a Navy enlistment application.

Moreover, as Esposito himself points out, the theory of the government's case rests on the factual proposition that he did not work for Bideo. Thus, if the jury believes otherwise, they will perforce acquit on those counts representing quarters during which they find he did perform services for Bideo. The court perceives no prejudice arising from the form of the indictment and this motion is also denied.

*Dismissal*

 Pappadio moves to dismiss the entire indictment on the ground that "the prosecution was brought an unreasonably oppressive and unjustifiable time after the alleged offenses, in violation of the rights of the defendant under the . . . Fifth . . . and Sixth Amendment, to due process and a speedy trial." This contention rests on Pappadio's assertion that the government had knowledge of the facts of the case since 1971 and did not seek an indictment until 1975. Pappadio concedes an absence of par-

ticularized prejudice from the claimed delay but argues that the unreasonable delay *per se* subjects the indictment to dismissal. This is simply not the law under either amendment, *United States v. Marion*, 404 U.S. 307, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971); *United States v. Frank*, 520 F.2d 1287, 1292 (2 Cir. 1975), cert. denied, 423 U.S. 1087, 96 S.Ct. 878, 47 L.Ed.2d 97 (1976); *United States v. Mallah*, 503 F.2d 971, 989 (2 Cir. 1974), cert. denied, 420 U.S. 995, 95 S.Ct. 1425, 43 L.Ed.2d 671 (1975), and it is thus unnecessary to explore further the underlying factual contention.

 Accordingly, Pappadio's motion to dismiss the indictment is denied.[6]

SO ORDERED.

---

**6.** Pappadio's motion to dismiss Count Five of the indictment as barred by the statute of limitations *is also denied since the indictment was* returned within six years of the date of the offense charged. 26 U.S.C. § 6531.