**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Allan Noel INGMAN,**
**Defendant-Appellant.**

No. 75–2622.

United States Court of Appeals,
Ninth Circuit.

Aug. 24, 1976.

Rehearing Denied Sept. 21, 1976.

James Vonash (argued), Seattle, Wash., for defendant-appellant.

Harry J. McCarthy, Asst. U. S. Atty. (argued), Seattle, Wash., for plaintiff-appellee.

Before CHOY and KENNEDY, Circuit Judges, and WONG,* District Judge.

PER CURIAM:

Allan Noel Ingman was convicted for conspiring to violate the narcotics laws of the United States, 21 U.S.C. §§ 846, 963 (the conspiracy count), and for aiding and abetting in the distribution of a Schedule I controlled substance, 21 U.S.C. §§ 841(a), (b)(1)(A), 18 U.S.C. § 2 (the substantive count). On appeal from the conspiracy conviction, he raises minor evidentiary objections and also claims to have been placed twice in jeopardy by reason of a previous trial and acquittal for participation in a drug conspiracy. His sole objection to the conviction on the substantive count is that it is based on insufficient evidence.

On July 16, 1974, the grand jury in the Western District of Washington returned a 15-count indictment, Count I of which named Ingman, twelve codefendants, and ten unindicted coconspirators as participants in a conspiracy to import quantities of cocaine, amphetamine, and marijuana, and to possess these with intent to distribute in the United States. On November 19, 1974 the same grand jury returned a three-count indictment charging in its first count that Ingman and five others conspired to import quantities of amphetamine, heroin, cocaine, marijuana, and lysergic acid diethylamide (LSD), and to possess such with intent to distribute.

Ingman was first tried under the July indictment. He moved for acquittal by reason of insufficient evidence and the motion was granted. A week later he was tried under the November indictment. He moved to dismiss the conspiracy count by a special plea of former jeopardy, based on his acquittal of conspiracy charges at the first trial. The motion was timely renewed during and at the close of trial, and was denied by the court. A jury found Ingman guilty on the conspiracy count and a substantive count.

■ We cannot agree with appellant's characterization of the two conspiracies as one and the same. The allegations of the two indictments and the testimony at the two trials convince us that these were in fact two separate conspiracies, and acquittal of participation in the first one did not bar trial for involvement in the second.

The conspiracy charged in the July indictment and proven (as to persons other than Ingman) in the first trial, showed that one Gerald Stoller was the central figure. During the year that the Stoller conspiracy was active, Stoller made trips, frequently by aircraft, between Mexico and the Seattle, Washington area to obtain illegal drugs. The November indictment, by contrast, charges Ingman and members of his immediate family as the central conspirators in separate importation activities during the course of the three and one-half years. The alleged method of importation was by automobile, rather than by airplane. Ingman distributed the drugs to persons not involved in the Stoller conspiracy, primarily his two sons and one Russell Johnson, who in turn sold the contraband in the Yakima, Washington area. The Ingman ring dealt in a number of drugs, but notably heroin and LSD, whereas the Stoller group was not alleged to deal in either of these substances. Stoller, it appears, at one time worked in Ingman's group, but later struck out on his own. The only connection between the two conspiracies was Ingman's alleged involvement in a meeting with Stoller and one Melvin Luckie on January 28, 1973 in Tijuana, Mexico. The purpose of the meeting was to introduce Stoller to a source of supply for cocaine, amphetamine, and marijuana.

■ The fact that the January, 1973 meeting in Mexico is also alleged as an

---

* Honorable Dick Yin Wong, United States District Judge for the District of Hawaii, sitting by designation.

overt act in the November indictment does not show that the conspiracies were the same. An action may well be in furtherance of two or more conspiracies. The fact that there is some interrelationship between conspiracies does not necessarily make them the same criminal enterprise. The Stoller group was formed to accomplish unlawful transactions that were quite distinct in their means of execution and their objects from the criminal enterprise undertaken by the Ingman group. The kind of drugs distributed, the means of transport, the place of distribution, and the identities of the principal distributors were different, and the Government therefore had a legitimate interest in prosecuting the two combinations separately. We have previously held that separate elements of time, persons, places, offenses, and overt acts will, if shown to be substantially distinct, support separate conspiracy prosecutions. *Arnold v. United States,* 336 F.2d 347, 348–49 (9th Cir. 1964), *cert. denied,* 380 U.S. 982, 85 S.Ct. 1348, 14 L.Ed.2d 275 (1965). The Government has made such a showing here.

■ We note that determining whether to indict for a single conspiracy or for separate ones requires the Government to make delicate judgments. When separate trials are sought on the theory that there are multiple conspiracies involving disparate individuals with some interrelationships, charges of bad faith multiplicity or pleas of double jeopardy are likely to be raised on appeal. On the other hand, the Supreme Court, and the lower federal courts, have disapproved the practice of trying different offenses involving a number of defendants at one trial. *See Kotteakos v. United States,* 328 U.S. 750, 66 S.Ct. 1239, 90 L.Ed. 1557 (1946); *United States v. Sperling,* 506 F.2d 1323, 1340–41 (2d Cir. 1974), *cert. denied,* 420 U.S. 962, 95 S.Ct. 1351, 43 L.Ed.2d 439 (1975).

No bad faith or harassment by the Government was demonstrated here. Further, we are of the opinion that the Government accurately classified the facts in concluding that there were two conspiracies.

The district court correctly rejected the defendant's motions based on double jeopardy.

Appellant raises objections to the introduction of certain evidence. Our examination of the transcript reveals that these contentions are without merit. Admission of the evidence, on this record, was within the discretion of the trial court. In any case, the balance of the evidence supports appellant's conviction and any claimed error would have been harmless.

■ Appellant also challenges his conviction on the substantive count, for aiding and abetting his son, James Ingman, in the sale of heroin. We note, however, that appellant's sentence on the substantive count was ordered to run concurrently with his sentence on the conspiracy count. Since we have determined that appellant's conviction under the conspiracy count must be affirmed, under the concurrent sentence rule we need not consider his objection to the substantive count. *United States v. Meeker,* 527 F.2d 12, 14 (9th Cir. 1975); *United States v. Westover,* 511 F.2d 1154, 1155 n.2 (9th Cir.), *cert. denied,* 422 U.S. 1009, 95 S.Ct. 2633, 45 L.Ed.2d 673 (1975).

AFFIRMED.