**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Alexander Benjamin CHASES, Defendant-Appellant.**

**No. 76–2902.**

United States Court of Appeals, Ninth Circuit.

June 24, 1977.

As Amended Aug. 10, 1977.

Rehearing and Rehearing En Banc Denied Nov. 7, 1977.

Barton C. Sheela, Jr., Sheela, Lightner, Hughes & Castro, San Diego, Cal., argued for defendant-appellant.

Terry J. Knoepp, U. S. Atty., Stephen G. Nelson, Asst. U. S. Atty., argued, San Diego, Cal., for plaintiff-appellee.

Before CLARK, Justice,* and TRASK and WALLACE, Circuit Judges.

PER CURIAM:

Chases was convicted after a court trial on stipulated facts of possession of marijuana with intent to distribute in violation of 21 U.S.C. § 841(a)(1). On appeal, he contends that the filing of a series of indictments, "each arising out of the same episode or transaction," violated the double jeopardy, due process and speedy trial

---

* Associate Justice Tom C. Clark, United States Supreme Court (Ret.), sitting by designation. Justice Clark concurred in the result after oral argument but did not vote on the disposition due to his untimely death.

clauses of the Fifth and Sixth Amendments. We affirm.

 The double jeopardy argument is without merit. Although named in four separate indictments, Chases was prosecuted for and convicted of only two crimes: conspiracy to import and possess marijuana with intent to distribute (affirmed today in the companion case of *United States v. Chases,* 558 F.2d 1038), and possession of marijuana with intent to distribute (the conviction challenged on this appeal). On the government's post-convictions motion, all other charges and indictments—including the conspiracy count in the two count indictment giving rise to the conviction challenged here—were dismissed with prejudice. The conspiracy and possession convictions clearly implicate no double jeopardy principles. Conspiracy to commit an illegal act and the commission of that act—the substantive offense—are separate and distinct offenses. *E. g., Callanan v. United States,* 364 U.S. 587, 81 S.Ct. 321, 5 L.Ed.2d 312 (1961); *Pereira v. United States,* 347 U.S. 1, 74 S.Ct. 358, 98 L.Ed. 435 (1954); *Pinkerton v. United States,* 328 U.S. 640, 66 S.Ct. 1180, 90 L.Ed. 1489 (1946). Further, the dismissal with prejudice of all other conspiracy charges leveled against Chases effectively eliminated any danger or risk of successive prosecutions for the same crime.

Chases' due process argument is that, even assuming no double jeopardy violation, government efforts to prosecute him for related offenses in successive trials is fundamentally unfair and amounts to impermissible "harassment." In this regard we stated in *United States v. Ingman,* 541 F.2d 1329 (9th Cir. 1976):

We note that determining whether to indict for a single conspiracy or for separate ones requires the Government to make delicate judgments. When separate trials are sought on the theory that there are multiple conspiracies involving disparate individuals with some interrelationships, charges of bad faith multiplicity or pleas of double jeopardy are likely to be raised on appeal. On the other hand, the Supreme Court, and the lower federal courts, have disapproved the practice of trying different offenses involving a number of defendants at one trial. *Id.* at 1331 (citations omitted). We believe that the government could reasonably conclude at the indicting stage of the prosecution that separate and distinct conspiracies existed. The reasonableness of that conclusion vitiates any claim of bad faith multiplicity or harassment. *See id.* We are reinforced in our holding by Chases' own conduct. He never moved to consolidate the four separate cases against him. Likewise, after his conviction on one conspiracy charge, he failed to move for a dismissal of the remaining conspiracy charges on double jeopardy grounds. It was on the government's motion that the cases were dismissed.

The speedy trial issue (constitutional and statutory) is also groundless. Chases' trial came 100 days after his arraignment. Thus, delay, if any, was negligible. Further, Chases never sought an earlier trial. Finally, he does not even seriously allege, let alone establish, any prejudice caused by the timing of his trial. *See Barker v. Wingo,* 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972); 18 U.S.C. §§ 3161 *et seq.*

AFFIRMED.