[No. 2642–3.   Division Three.   August 30, 1979.]

THE STATE OF WASHINGTON, *Respondent,* v. SIDNEY WALKER, *Appellant.*

*J. D. Evans* and *Evans & Kerr,* for appellant.

*C. J. Rabideau, Prosecuting Attorney,* and *Laurence S. Moore, Deputy,* for respondent.

MUNSON, J.—Sidney Walker was charged by information and convicted by a jury of three separate counts of conspiracy to possess with intent to deliver heroin and with a fourth count of unlawful delivery of heroin. RCW 69.50.407; RCW 69.50.401(a). We affirm.

Sidney Walker had arrived in Pasco about 6 months to a year prior to the events for which he is charged; he was ostensibly looking for work. The theory of the State's case is that Walker was the key figure in a scheme to introduce heroin into the Pasco area between December 1976 and February 1977.

The events constituting the four separate counts against Walker and supported by evidence at trial are as follows: (1) Mary Lester, who became a key prosecution witness, met Sidney Walker in late December 1976. Sometime in January, Lester agreed to sell heroin for Walker. (2) Sidney Walker asked Joe Hill to buy heroin for him in Los Angeles. (3) Both Mary Lester and Verleen Miller, another key prosecution witness and police informant, testified that Melvin Williams was "fronting"[1] heroin for Sidney Walker.

---

[1] "Fronting" means obtaining drugs for sale and paying the dealer later.

On February 24, 1977, Verleen Miller tried to make a controlled buy[2] of drugs from Melvin Williams, which he apparently did not have. Williams drove her car to Sidney Walker's. (4) On February 10, 1977, Verleen Miller made a controlled buy from Mary Lester in Sidney Walker's apartment. She testified that the transaction took place in front of Walker and the money was given to him while she was there.

■ The State's contention is that there were three separate and distinct unlawful agreements between (1) Walker and Lester; (2) Walker and Hill; and (3) Walker and Williams, each for its own purpose. Both Mary Lester and Melvin Williams sold heroin for Walker; Joe Hill bought heroin for Walker. Walker contends the trial court erred in refusing to consolidate or join the three counts of conspiracy into one count since there was only a single, continuing conspiracy.[3] *See Braverman v. United States,* 317 U.S. 49, 87 L. Ed. 23, 63 S. Ct. 99 (1942); *State v. Carroll,* 81 Wn.2d 95, 500 P.2d 115 (1972). We disagree. A conspiracy, as charged here, is a combination or agreement between two or more persons to commit a criminal act. *John Davis & Co. v. Cedar Glen # Four, Inc.,* 75 Wn.2d 214, 450 P.2d 166 (1969); *Eyak River Packing Co. v. Huglen,* 143 Wash. 229,

---

[2]A "controlled buy" in drug parlance is one in which the police furnish the money and have the parties under surveillance.

[3]The acts prohibited by the statutes are the conspiracy to deliver, or possess with intent to deliver, a controlled substance. RCW 69.50.407; 69.50.401. These statutes prohibit specific and individual acts and not simply a course of activity. The test for whether an offense is a single continuing one or several distinct offenses was established in *Blockburger v. United States,* 284 U.S. 299, 76 L. Ed. 306, 52 S. Ct. 180 (1932); *see also Gore v. United States,* 357 U.S. 386, 2 L. Ed. 2d 1405, 78 S. Ct. 1280 (1958); *State v. Rose,* 7 Wn. App. 176, 184–85, 498 P.2d 897 (1972). If the individual acts are prohibited, then each act is punishable separately. If a course of action is prohibited, then there can be but one penalty. *Blockburger v. United States, supra* at 301, *cf. Braverman v. United States,* 317 U.S. 49, 87 L. Ed. 23, 63 S. Ct. 99 (1942); *United States v. Noah,* 475 F.2d 688 (9th Cir. 1973). *See also United States v. Ucciferri,* 35 F.R.D. 238 (E.D. Pa. 1964); *United States v. De Lorenzo,* 416 F. Supp. 570 (E.D.N.Y. 1976); *United States v. Harris,* 368 F. Supp. 697 (E.D. Pa. 1973).

255 P. 123, 257 P. 638 (1927); 1 R. Anderson, *Wharton's Criminal Law and Procedure* § 82 (1957).

■ Here, the agreements occurred between Walker and three separate persons, at different times, places and for somewhat different purposes. The fact that there is one individual common to separate criminal enterprises or an interrelationship between conspiracies does not necessarily make them a single criminal enterprise. *United States v. Ingman,* 541 F.2d 1329, 1331 (9th Cir. 1976); *United States v. Cole,* 457 F.2d 1141, 1145 (9th Cir. 1972). Separate elements of time, persons, places, offenses and overt acts will, if shown to be substantially distinct, support separate conspiracy prosecutions. *United States v. Ingman, supra* at 1331. We find there was evidence of substantially distinct elements here to support the separate counts of conspiracy.

■ Walker also contends, in a supplemental argument, that the substantive count 4, unlawful delivery of heroin, should merge with count 1, conspiracy, in light of *State v. Langworthy,* 92 Wn.2d 148, 594 P.2d 908 (1979). We disagree. In the information, count 1 charged Walker with conspiracy with Mary Lester. Count 4 charges unlawful delivery on or about February 10, 1977, which refers to the sale of drugs to Verleen Miller in Walker's apartment. The merger of conspiracy with the substantive offense applies only when two persons are involved. Here, the conspiracy count and the substantive count involve different persons;[4] therefore, we find the principle in *State v. Langworthy, supra,* inapplicable.

■ Walker next contends that the drugs introduced in relation to his codefendant, Joe Hill, were irrelevant and prejudicial to him and the trial court erred in denying his motion for severance. Severance is within the sound discretion of the trial court and the mere fact that evidence may be admissible against one defendant and not against

---

[4]We note that the information should have included, for clarity, Verleen Miller's name as well as the date. However, in this case, the date identifies the persons and the transaction.

another is not by itself proof that the defendants cannot have a fair trial if tried together. *State v. Courville*, 63 Wn.2d 498, 387 P.2d 938 (1963); *State v. Kinsey*, 20 Wn. App. 299, 579 P.2d 1347 (1978). *See also* Annot., *Right of Defendants in Prosecution for Criminal Conspiracy to Separate Trials*, 82 A.L.R.3d § 8, at 366 (1978), and cases cited therein. CrR 4.3(b) clearly contemplates the joinder of defendants, particularly when charged with conspiracy.[5] In the absence of a manifest abuse of discretion, the denial of a motion for severance of several defendants will not be disturbed on appeal. *State v. Gosby*, 11 Wn. App. 844, 526 P.2d 70 (1974), *aff'd*, 85 Wn.2d 758, 539 P.2d 680 (1975). We find no error.

Walker asserts the evidence was insufficient to convict him of conspiracy with Joe Hill. In reviewing the evidence, this court must view the evidence most favorably for the State and against the defendants. *State v. Randecker*, 79 Wn.2d 512, 487 P.2d 1295 (1971). A conspiracy may be proved by circumstantial evidence, often by overt acts alone. *State v. Gallagher*, 15 Wn. App. 267, 549 P.2d 499 (1976). Here, the testimony of Mary Lester and the police who had Hill and Walker under surveillance strongly linked the two men together in a drug conspiracy. We find there was sufficient evidence of the conspiracy to support the jury verdict.

■ Finally, Walker contends the trial court erred in refusing to give a cautionary instruction on the credibility of a paid informant; however, he cites no Washington cases

---

[5] "Two or more defendants may be joined in the same charge:

". . .

"(2) when each of the defendants is charged with conspiracy and one or more of the defendants is also charged with one or more offenses alleged to be in furtherance of the conspiracy; or

"(3) when, even if conspiracy is not charged and all of the defendants are not charged in each count, it is alleged that the several offenses charged:

"(i) were part of a common scheme or plan; or

"(ii) were so closely connected in respect to time, place and occasion that it would be difficult to separate proof of one charge from proof of the others."

requiring such an instruction. Here, the jury was given a standard instruction on the weight and credibility to be given the witnesses. *See State v. Lesh,* 132 Wash. 309, 232 P. 302 (1925). We find no error.

Judgment is affirmed.

GREEN, C.J., and ROE, J., concur.