
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-30013 |
| Plaintiff - Appellee, | D.C. No. 2:09-cr-00075-LRS-4 |
| v. | |
| JAIME SUNIGA, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of Washington
Lonny R. Suko, Chief District Judge, Presiding

Submitted April 19, 2010[**]
Seattle, Washington

Before: WARDLAW and GOULD, Circuit Judges, and WARE, District Judge.[***]

Jaime Suniga appeals the district court's denial of his motion to dismiss the

superseding indictment on the grounds that the Government violated the Double

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable James Ware, United States District Judge for the Northern District of California, sitting by designation.

Jeopardy Clause and his right to a speedy trial.[1] We have jurisdiction under 28

U.S.C. § 1291. *See Abney v. United States*, 431 U.S. 651, 662 (1977). We review

the district court's legal conclusions de novo, *United States v. Ziskin*, 360 F.3d

934, 943 (9th Cir. 2003), and we affirm.

The district court correctly concluded, based on the evidence before it[2] that

the Superseding Indictment did not violate the Double Jeopardy Clause. The

Double Jeopardy Clause provides that no person shall "be subject for the same

offense to be twice put in jeopardy of life or limb." U.S. Const. amend. V. In the

context of conspiracy charges, "[it] prohibits the government from splitting a

single conspira[torial agreement] into separate charges and bringing successive

prosecutions against a [criminal] defendant." *Ziskin*, 360 F.3d at 943; *see also*

*United States v. Stoddard*, 111 F.3d 1450, 1454 (9th Cir. 1997). It also " prohibits

subdivision of a single conspiracy into multiple violations of one conspiracy

---

[1]Suniga appeals only his Double Jeopardy claim and not his claims of preaccusatory delay or violations of the Speedy Trial Act.

[2]On appeal, Suniga asks us to consider evidence not presented to the district court. Our review of the district court's denial of Suniga's motion to dismiss is limited to the evidence that was actually presented to the district court. *See Lippi v. City Bank*, 955 F.2d 599, 604 (9th Cir. 1992); *United States v. Stricklin*, 591 F.2d 1112, 1119 (5th Cir. 1979) ("The ruling by the District Court . . . merely decides whether or not, upon the evidence *then before the court*, double jeopardy appears. On an *Abney* appeal, the correctness of that ruling, alone, will be reviewed.").

2

statute." *United States v. Smith*, 424 F.3d 992, 1000 (9th Cir. 2005). To prove that the Government violated the Clause, "[t]he defendant bears the burden of showing that the two conspiracies charged actually arise from a single agreement." *Ziskin*, 360 F.3d at 943.

We consider the five factor analysis set forth in *Arnold v. United States*, 336 F.2d 347 (9th Cir. 1964), to determine whether the two independently charged conspiracies are in fact the same conspiracy. We examine: (1) the differences in the periods of time covered by the alleged conspiracies; (2) the places where the conspiracies were alleged to occur; (3) the persons charged as co-conspirators; (4) the overt acts alleged to have been committed; and (5) the statutes alleged to have been violated. *See id*. at 349–50; *see also Stoddard*, 111 F.3d at 1454. The district court properly considered these factors and correctly found that Suniga failed to meet his burden.

Suniga claims that the August 1, 2007 conspiracy to which he pled guilty in the District of Minnesota ("Minnesota conspiracy") is part and parcel of the conspiracy charged in the Superseding Indictment. To prove this, Suniga presented the district court with a copy of the indictment setting forth the Minnesota conspiracy ("Minnesota indictment"), as well as evidence that law enforcement officials in Washington had received information from an informant

that aided in Suniga's arrest in Minnesota and that they were "familiar with" the vehicle involved in the Minnesota conspiracy. The district court correctly found that this evidence is insufficient for Suniga to meet his burden of establishing that the Minnesota conspiracy is "indistinguishable in law and in fact" from the conspiracy alleged in the Superseding Indictment. *See Ziskin*, 360 F.3d at 943.

First, the Minnesota indictment alleged a conspiracy which started and ended on a single day (August 1, 2007) while the Superseding Indictment charges a conspiracy beginning around January 1, 2005, and continuing until March 25, 2009. While the conspiracy charged in the Superseding Indictment temporally overlaps the conspiracy charged in the Minnesota indictment, the different start dates militate against finding the two conspiracies identical. *See United States v. Montgomery*, 150 F.3d 983, 990–91 (9th Cir. 1998).

Second, the Minnesota indictment alleges a conspiracy that took place in Minnesota; the Superseding Indictment, by contrast, alleges a conspiracy that took place in the Eastern District of Washington. Even if Suniga had supported his contention that the illegal conduct underlying the Minnesota conspiracy originated in Washington, this would not have compelled a finding that the two conspiracies are the same because when two charged conspiracies share common source

4

locations, different transfer or destination locations militate against a single conspiracy. *See Ziskin*, 360 F.3d at 945–46.

Third, different persons are charged as co-conspirators in the two conspiracies. The Minnesota Indictment alleged that Suniga conspired with one other individual, Maribel Mejia Carrasco. The Superseding Indictment, by contrast, alleges that Suniga conspired with six individuals and does not name Carrasco as a co-conspirator.

Neither the Superseding Indictment nor the Minnesota indictment charges overt acts; therefore, we cannot evaluate this factor at the present time. *See United States v. Shabani*, 513 U.S. 10, 15–16 (1994). While the Government cites Federal Rule of Evidence 404(b) and acknowledges it "may use [the] underlying factual basis of prior conviction and conviction itself to prove the current charge," this does not mean the two conspiracies are the same. *See Ziskin*, 360 F.3d at 947; *see also* Fed. R. Evid. 404(b) (allowing evidence of other crimes to demonstrate "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident"). Additionally, that Suniga's Minnesota arrest was aided by an informant in Washington and that Drug Enforcement Agency Officers in Washington were "familiar with" the vehicle involved in the Minnesota conspiracy at most demonstrates that law enforcement officials were familiar with both

5

conspiracies; it does not establish that one was "part and parcel" of the other. *See United States v. Ingman*, 541 F.2d 1329, 1331 (9th Cir. 1976) (per curiam) ("The fact that there is some interrelationship between conspiracies does not necessarily make them the same criminal enterprise.").

Finally, while there is an overlap in the statutory provisions charged, the Superseding Indictment charges a conspiracy to distribute both cocaine and methamphetamine while the conspiracy charged in the Minnesota indictment involved only distribution of cocaine. *Cf. Montgomery*, 150 F.3d at 991 (finding conspiracies distinct where one conspiracy was to manufacture low quality methamphetamine and the other was to distribute high quality methamphetamine). In addition, the Superseding Indictment charges a distinct statutory violation: laundering of monetary instruments in violation of 18 U.S.C.§ 1956. As a result, despite the overlap in one of the statutes charged in the Superseding Indictment, the respective indictments suggest conspiracies with very different goals. *See United States v. Guzman*, 852 F.2d at 1121; *see also United States v. Lorenzo*, 995 F.2d 1448, 1458 (9th Cir. 1993).

The district court properly denied Suniga's motion without prejudice to renewing it at an appropriate time. Suniga may renew his claim of double jeopardy

before the district court after the record is more fully developed. *See United States v. Bendis*, 681 F.2d 561, 568 n.8 (9th Cir. 1981).

We grant the Government's Motion for Issuance of Mandate Forthright. No petition for rehearing will be entertained and the mandate shall issue forthwith. *See* Fed. R. App. P. 2, 41(b); 9th Cir. R. 41-1 Circuit Advisory Committee Note. We deny the Government's Urgent Motion for Disposition as moot.

**AFFIRMED.**